_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

_____

| | |
|---|---|
| Case No.: 8:23-cv-01308-FWS-JDE | Date: February 7, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.     Background**

On July 18, 2023, Plaintiff filed a Complaint alleging he had bank deposits in "Yugobanka, New York Agency" ("Yugobanka") and that Yugobanka was liquidated after the breakup of Yugoslavia. (Dkt. 1 ("Compl.") ¶¶ 5, 7.)  Plaintiff alleges a federal district court in New York named Plaintiff as the first creditor in Yugobanka's liquidation case and awarded Plaintiff $1,064,211.12, comprised of his initial deposit of $31,273 with 10 percent interest compounded annually and attorney's fees. (*Id*. ¶¶ 9-10.)  Plantiff alleges Defendants Republic of Montenegro, Republic of Serbia, Republic of Bosnia and Herzegovina, Republic of North Macedonia, Republic of Croatia, and Republic of Slovenia (collectively, "Defendants"), are successors to Yugoslavia's assets and liablities under the 2001 Succession Agreement of Former Yugoslavia ("2001 Succession Agreement") and are jointly and severally liable for the $1,064,211.12 due to Plaintiff. (*Id*. ¶¶ 5-6.)  Plaintiff further alleges that Defendants have refused to pay Plaintiff the amounts owed to him and asserts breach of contract claims against each of the Defendants. (*Id*. ¶¶ 11, 46-54.)

On November 30, 2023, the court issued an Order to Show Cause why the action should not be dismissed for lack of subject matter jurisdiction ("OSC"). (Dkt. 40.)  The court ordered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01308-FWS-JDE                                    Date: February 7, 2024
Title: Daniel Cavic v. Republic of Montenegro *et al.*

Plaintiff Daniel Cavic ("Plaintiff") to show cause in writing, no later than December 15, 2023, why the action should not be dismissed.  (*Id.*)  On December 12, 2023, Plaintiff filed a document entitled, "Request For 30 Days Continuance," requesting that the court continue the deadline to respond to the OSC.  (Dkt. 41.)  On December 26, 2023, the court granted Plaintiff's request and ordered Plaintiff to file a response to the OSC by January 22, 2024.  (Dkt. 43.)  On January 3, 2023, Plaintiff filed a "Reply" to the OSC.  (Dkt. 44.)

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted).  "Accordingly, 'the district courts may not exercise jurisdiction absent a statutory basis.'"  *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).  This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); *see also Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) ("Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case, so subject matter jurisdiction must exist at the time the action commences.").  Additionally, because subject matter jurisdiction is a threshold inquiry, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8; *see also Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("Under Federal Rule of Civil Procedure 8(a), a pleading must contain 'a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.'").

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01308-FWS-JDE | Date: February 7, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al.* | |

"Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). However, "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton*, 114 F.3d at 982.

By contrast, diversity jurisdiction exists where a plaintiff demonstrates that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh*, 546 U.S. at 514, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01308-FWS-JDE | Date: February 7, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al.* | |

### III.   Discussion

In the Reply, Plaintiff primarily argues that any jurisdictional issues are waived or moot pursuant to the 2001 Succession Argument and the Supreme Court's decision in *Türkiye Hall Bankasi A.S. v. United States*, 598 U.S. 264 (2023).  (Reply at 2.)

The court finds the Reply has not sufficiently demonstrated a basis for the court's subject matter jurisdiction.  As discussed in the OSC, the Foreign Sovereign Immunities Act ("FSIA") "is the exclusive source of subject matter jurisdiction over suits involving foreign states or their instrumentalities."  *Joseph v. Off. of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1021 (9th Cir. 1987).  "Under the FSIA, [courts] presume that actions taken by foreign states or their instrumentalities are sovereign acts and thus are protected from the exercise of jurisdiction, unless one of the FSIA's exceptions to immunity applies."  *Id*.  FSIA's "statutory presumption that a foreign state is immune from suit" applies if the defendant makes a prima facie case that it is a foreign state or if "it is apparent from the pleadings or uncontested that the defendant is a foreign state."  *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1124-25 (9th Cir. 2010) (citations omitted).

"Once the court has determined that the defendant is a foreign state, the burden of production shifts to the plaintiff to offer evidence that an exception applies."  *Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1087-88 (9th Cir. 2018) (quoting *Peterson*, 627 F.3d at 1125).  "If the plaintiff satisfies [their] burden of production, jurisdiction exists unless the defendant demonstrates by a preponderance of the evidence that the claimed exception does not apply."  *Id.* (quoting *Peterson*, 627 F.3d at 1125).  As the Ninth Circuit explained:

> This burden-shifting scheme, which puts most of the weight on the plaintiff, is partly motivated by the fact that federal jurisdiction does not exist unless one of the exceptions to immunity from suit applies.  *See* 28 U.S.C. § 1330; *Corzo v. Banco Central de Reserva del Peru*,

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01308-FWS-JDE | Date: February 7, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al.* | |

> 243 F.3d 519, 522 (9th Cir. 2001). A court has a duty to assure itself of its own jurisdiction, regardless of whether jurisdiction is contested by the parties. *Rosson v. Fitzgerald,* 545 F.3d 764, 769 n.5 (9th Cir.2008). Therefore, "even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable." *Verlinden B.V. v. Cent. Bank of Nigeria,* 461 U.S. 480, 494 n.20, 103 S. Ct. 1962, 76 L. Ed. 2d 81 (1983); *see also Rep. of Austria v. Altmann,* 541 U.S. 677, 691, 124 S. Ct. 2240, 159 L. Ed. 2d 1 (2004). We cannot require a defendant to affirmatively plead foreign sovereign immunity from suit, since a court must decide immunity even if a defendant does not appear. It must fall to the plaintiff to prove that immunity does not exist.

*Peterson*, 627 F.3d at 1125.

In this case, it is apparent from the Complaint that each defendant is a foreign state such that Plaintiff bears the burden of demonstrating that a FSIA exception applies. *See id.* at 1128 ("[W]e require the defendant to make a prima facie case that it is a foreign state only when that fact is not obvious or uncontested.").

The court finds Plaintiff has not met his burden here. Plaintiff argues that the 2001 Succession Agreement demonstrates that Defendants waived their sovereign immunity. (*See, e.g.*, Reply at 1-2.) A foreign sovereign may waive the immunity protections of the FSIA "either explicitly or by implication." 28 U.S.C. § 1605(a)(1). "[T]he touchstone of the waiver exception remains the same: that the foreign state have *intended* to waive its sovereign immunity." *Ivanenko v. Yanukovich*, 995 F.3d 232, 240 (D.C. Cir. 2021) (internal citation and quotation marks omitted). Courts will "rarely" find waiver "without *strong evidence* that this is what the foreign state *intended.*" *Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect*, 89 F.3d 650, 655 (9th Cir. 1996), *as amended on denial of reh'g* (Aug. 28, 1996) (citations omitted).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01308-FWS-JDE  Date: February 7, 2024
Title: Daniel Cavic v. Republic of Montenegro *et al.*

___

Although a foreign country may impliedly waive sovereign immunity by entering into a written agreement which "contemplates adjudication of a dispute by the United States courts," *Joseph*, 830 F.2d at 1023, "a mere contractual agreement between a foreign state and another party does not waive sovereign immunity," *Shamoun v. Republic of Iraq*, 441 F. Supp. 3d 976, 1000 (S.D. Cal. 2020) (citing *Joseph*, 830 F.2d at 1022). Instead, "a sovereign party has waived immunity where a contract *specifically* states that the laws of a jurisdiction within the United States are to govern the transaction," *Packsys*, 899 F.3d at 1093 (quoting *Joseph*, 830 F.2d at 1022), or where there is "a direct connection between the sovereign's activities in U.S. courts and the plaintiff's claims for relief." *In re Est. of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 547 (9th Cir. 1996).

Here, Plaintiff has not proferred adequate evidence or argument demonstrating either that Defendants "contemplated the involvement of United States courts," in the 2001 Sucession Agreement, *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 721 (9th Cir. 1992), or that Defendants' activities in United States courts are directly connected to Plaintiff's breach of contract claim. Accordingly, the court concludes Plaintiff has not demonstrated that 2001 Succession Agreement impliedly waived Defendants' sovereign immunity.

Nor does Plaintiff's citation to *Türkiye Hall Bankasi A.S. v. United States*, 598 U.S. 264 (2023) suggest another FSIA exception applies. In *Türkiye Hall*, the Supreme Court held that FSIA "does not provide foreign states and their instrumentalities with immunity from criminal proceedings." 598 U.S. at 280. But the Supreme Court simultaneously emphasized that FSIA "lays down a baseline principle of foreign sovereign immunity from *civil actions*," such as Plaintiff's breach of contract suit. *Id.* at 277 (quoting *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 113 (2022)).

In sum, "courts must begin with the presumption that a foreign state is immune and then the plaintiff must prove that an exception to immunity applies." *Peterson*, 627 F.3d at 1125. Plaintiff has not demonstrated that an exception to FSIA immunity applies here. Therefore, the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01308-FWS-JDE | Date: February 7, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al.* | |

court concludes it lacks subject matter jurisdiction and **DISMISSES** this case **WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.  *See, e.g.*, *Newpoint Fin. Corp. v. Bermuda Monetary Auth.*, --- F. Supp. 3d ----, 2023 WL 5505907, at *11 (C.D. Cal. 2023) (dismissing claims against foreign entity without leave to amend "where is no set of facts which could be alleged to show that the [the foreign entity] waived its sovereign immunity").


**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

___